**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Harris, | No. CV-18-02860-PHX-JAT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Montoya, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to recuse the undersigned (Doc. 59). The motion fails in numerous respects. *See* 28 U.S.C. §§ 144 and 455.

First, it is untimely. Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

This case was assigned to the undersigned on September 6, 2018. (Doc. 4). Plaintiff waited over seven months to file this motion; notably, until after he received legal rulings with which he disagreed. Thus, the motion is untimely because it was not filed within a reasonable time after assignment and alleges no facts learned after assignment; it is denied on this basis.[1]

---

[1] Courts have held that because the federal courts no longer sit in terms, but instead are in continuous session, the 10-day requirement is not literal. *See Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658 (5th Cir. 1985) ("courts have [] required a party to

Second, the motion fails to contain a legally sufficient affidavit of bias. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Here, the "affidavit" complains only about legal rulings and make no factual allegation of bias. *See* (Doc. 59 at 3-5). Further, although this document is captioned as an affidavit, it is not actually an affidavit. *See* 28 U.S.C. § 1746. Thus, relief is unavailable for this second procedural reason (that the affidavit is insufficient) and the motion is denied on this basis.

Third, even if the Court were to consider the merits of the motion, it is clearly based on Plaintiff's disagreement and dissatisfaction with a legal ruling in this case. "'[J]udicial rulings *almost never* constitute valid basis for a bias or partiality motion[.]'" *United States v. Chisilly*, 30 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 513 U.S. 1132 (1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, adverse rulings against a party are generally "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992) (citing *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)); *see Stivers v. Pierce*, 71 F.3d 732, 741-42 (9th Cir. 1995) ("Nor would the Board's repeated unfavorable rulings, standing alone, be sufficient to support a claim that [defendant] or any other member of the Board was actually biased against [plaintiff].") (citing *McCalden*, 955 F.2d at 1224).

Here, Plaintiff is dissatisfied that this Court affirmed the Magistrate Judge's order denying his request for $3,500,000.00 in sanctions against Defendant. (Doc. 59). Plaintiff's disagreement with this legal ruling does not warrant recusal. Thus, the motion is, alternatively, denied on the merits.

Based on the foregoing,

///

///

---

exercise reasonable diligence in filing an affidavit after discovering facts that show bias. *See, e.g., Smith v. Danyo,* 585 F.2d 83 (3d Cir.1978).").

**IT IS ORDERED** that the Motion for Senior Judge James A. Teilborg to Issue Recusal of Himself under 28 U.S.C. §§ 144 and 455 (Doc. 59) is denied.

Dated this 25th day of April, 2019.

*James A. Teilborg*
Senior United States District Judge